IRVING, J.,
for the Court:
¶ 1. After entering a plea of guilty in the Lowndes County Circuit Court on a charge of transfer of cocaine, Carl Tate was convicted and sentenced to a term of *1046 six years imprisonment and a $5,000 fine. Subsequently to the plea and conviction, Tate filed a motion for post-conviction relief alleging his plea and conviction were in violation of the double jeopardy provision of the Fifth Amendment. He initiates this appeal following the trial court’s denial of his motion for post-conviction relief and assigns one error on appeal

Was the appellant ineffectively represented by counsel at the trial below, mandating a reversal of his conviction?

Finding no reversible error, we affirm the trial court’s denial of Tate’s post-conviction relief (PCR) motion.
FACTS
¶ 2. On May 8, 1997, Carl Tate was indicted by the Grand Jury of the Circuit Court of Lowndes County for the transfer of cocaine. On August 26, 1997, Tate entered a plea of guilty to said charge. Upon proper qualification, the guilty plea was accepted by the court.
¶ 3. Subsequently, Tate filed a motion for post-conviction relief arguing that his conviction was barred by the double jeopardy provision of the Fifth Amendment. Additionally, Tate argued that he received ineffective assistance of counsel when his attorney allowed him to enter a plea of guilty to the charge which, according to Tate, was the same charge he had already faced and been convicted of in the Municipal Court of the City of Columbus. The circuit court, finding that an evidentiary hearing was not necessary, summarily denied Tate’s PCR motion.
ANALYSIS OF THE ISSUE PRESENTED
¶ 4. Under the Mississippi Uniform Posl^Conviction Collateral Relief Act, one who has been convicted may seek limited post-conviction relief setting forth the desired relief and the basis therefor. Miss. Code Ann. § 99-39-9 (Rev.1994). The Act requires the movant to attach to the motion affidavits of the witnesses who will testify and copies of documents or records that will be offered. Smith v. State, 490 So.2d 860, 860 (Miss.1986). The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse. Miss. Code Ann. § 99-39-9 (Rev.1994).
¶ 5. When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999). Furthermore, this Court will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong. Amerson v. State, 648 So.2d 58, 60 (Miss.1994).
¶ 6. In the case sub judice, Tate asserts that prior to entering his guilty plea to the charge of transfer of cocaine in the circuit court, he had entered, in the Municipal Court of the City of Columbus, a guilty plea to a lesser charge of possession of cocaine. He claims that the plea was accepted, and he was convicted and sentenced to a $500 fine with credit for time served. Tate argues that his subsequent conviction, also procured through a plea of guilty, arose from the same facts as the alleged prior conviction, and, thus, violates the double jeopardy provision of the Fifth Amendment.
¶ 7. The PCR Act charges the movant with the burden of proving that post-conviction relief is warranted. Tate attached no documentation of the guilty plea and conviction, which he says occurred in the Municipal Court of the City of Columbus, to his PCR motion filed in the circuit court, nor did he show good cause as to why it could not be obtained if such plea and conviction did in fact exist.
*1047 ¶ 8. The PCR Act empowers the circuit court, upon examination of the application, to dismiss the claim outright if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief. Miss.Code Ann. § 99-39-11(2) (Rev.1994).
¶ 9. Tate failed to meet his burden. Because of Tate’s failure to produce any documentation corroborating his claim or to show good cause as to why documentation could not be obtained, we affirm the circuit court’s denial of Tate’s PCR motion.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING APPELLANT’S POST-CONVICTION RELIEF IS AFFIRMED.. ALL COSTS ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.