McMILLIN, C.J.,
for the Court:
¶ 1. Marcus Cockrell pled guilty to the crime of drive-by shooting in 1997. Within three years of the entry of that plea, he filed a motion for post-conviction relief with the trial court in which he alleged that he did not have effective representation of counsel during the guilty plea proceedings in that (a) his attorney did not inform him of the mandatory nature of the sentence he was to receive under a plea agreement, (b) his attorney coerced him into pleading guilty even though he protested his innocence throughout the proceeding, and (c) his attorney should have sought to have the case handled under the jurisdiction of the youth court since Cock-rell was only sixteen years old at the time of the crime. Besides attacking the competency of his counsel, Cockrell additionally alleges that the trial court should not have accepted his plea of guilty when it was apparent during the course of the plea acceptance hearing that Cockrell steadfastly maintained his innocence. The circuit court denied relief without hearing and Cockrell has appealed that decision to this Court raising the same issues.
¶ 2. We find these issues to be without merit and affirm the judgment denying relief.
I.
The Mandatory Sentence Issue
¶ 3. Cockrell pled guilty to a crime carrying a maximum sentence of thirty years. Miss.Code Ann. § 97-3-109 (Rev. 2000). The State recommended a twenty year sentence in exchange for a guilty plea. The trial court accepted the recommendation and sentenced Cockrell accordingly.
¶ 4. Although it is not entirely clear from his pro se brief, Cockrell now seems to contend that his records with the Mississippi Department of Corrections indicate that his sentence was without benefit of parole. He claims that this was not a part of the agreement he had reached with the prosecution. Though he initially characterizes this as a failing on the part of his attorney, the thrust of his argument appears to be directed at the MDOC for its refusal to change its records to indicate that he was not, in fact, sentenced to twenty years without the possibility of parole.
¶ 5. In all events, Cockrell presents no evidence to support a claim of a discrepancy in the records relating to his sentence. The sentencing order entered September 2, 1997, recites that “the defendant was sentenced by the Court to serve a term of (20) twenty years in the Mississippi Department of Corrections.... ” It makes no reference to ineligibility for parole. The movant has the burden of showing, by affidavit or otherwise, that there is a factual basis to support his claim for relief. Tate v. State, 767 So.2d 1045 (¶ 7) (Miss.Ct.App.2000). No MDOC documents indicating any misunderstanding in the nature of Cockrell’s sentence appear in this record. The only conclusion we can draw from the nature of Cockrell’s argument is that, perhaps, he may not have fully appreciated the impact of the Legislature’s decision in 1995 to pass Miss.Code *307 Ann. § 47-5-138(5) (Supp.2000), which requires that Cockrell serve at least eighty-five percent of his sentence before he may become eligible for parole.
¶ 6. If that is the source of Cockrell’s dissatisfaction, it was beyond the authority of the trial court to provide him any relief, whether at the time of sentencing or upon the filing of his post-conviction relief motion. See, e.g., McGowan v. State, 742 So.2d 1183 (¶ 21) (Miss.Ct.App.1999); Brown v. State, 731 So.2d 595 (¶ 7) (Miss.1999). We conclude that the trial court did not err in refusing Cockrell any relief on this claim.
II.
Coerced Plea
¶ 7. During the course of the plea acceptance hearing, the trial court inquired of Cockrell whether or not he had committed the acts that formed the basis of the drive-by shooting charge, which involved a claim of firing a gun from one vehicle into another occupied vehicle. At first Cockrell said he did not and that he was pleading guilty solely because that was part of the plea agreement reached with the prosecution. After a brief recess to permit Cock-rell to confer further with his attorney, Cockrell admitted that he had actually fired the gun; however, he continued to insist that the discharge had been accidental when he attempted to wrestle the weapon from another person in the vehicle who was, in fact, intent on purposely firing the gun. At that point, the State represented to the court that it had three eye witnesses who would contradict Cockrell’s version of the events and had one witness prepared to testify that Cockrell, immediately prior to firing, had verbally expressed his intention to kill one of the occupants of the other vehicle.
¶ 8. The trial court, after an extensive inquiry into Cockrell’s understanding of the various constitutional rights he was waiving, accepted Cockrell’s guilty plea as being intelligently and voluntarily made. On these facts, we do not find that to be error. Cockrell’s protestation that the shooting was accidental does not, of itself, render his plea involuntary. An unqualified admission of guilt is not necessarily a requirement for an enforceable plea under the constitution. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). What is required, rather than a full and complete confession, is “an independent evidentiary suggestion of guilt.” Id. We find that the record “suggests” Cockrell’s guilt with sufficient force to withstand this challenge.
¶ 9. Cockrell filed no affidavit as to any specific acts of coercion by his attorney that occurred during the recess. The merely conclusory claim of coercion, without any accompanying specific allegations, is not sufficient to entitle Cockrell to a hearing on his motion. Miss.Code Ann. § 99-39-9(e) (Rev.2000).
III.
Youth Court Jurisdiction
¶ 10. Cockrell claims that, because he was only sixteen years old at the time, his attorney should have sought to have his case transferred to the jurisdiction of the Lowndes County Youth Court. In support of that argument, Cockrell cites Section 7185-15 of the Mississippi Code of 1942, which gave the youth court discretion to certify a child thirteen years old or older to be tried as an adult in certain cases. The short answer to Cockrell’s argument is that this provision, initially carried forward into the 1972 Code as Section 43-21-31, was repealed by the Mississippi Legislature effective July 1, 1979. The applicable statute concerning youth court jurisdiction for this offense at the time it was committed was Section 43-21-159(7), *308 which provided that “[n]o offense involving the use or possession of a firearm by a child who has reached his fifteenth birthday, and which if committed by an adult would be a felony, shall be transferred to the youth court.” Miss.Code Ann. § 43-21-159(7) (Supp.2000).
IV.
The Court’s Decision to Accept Cockrell’s Plea
¶ 11. Cockrell’s brief blends two themes into his argument that his guilty plea should not have been accepted in the face of his continued assertion of his innocence. We have already discussed this claim in the context of Cockrell’s claim that his attorney somehow coerced him into pleading guilty. Additionally, Cockrell faults the trial court itself for not halting the plea proceeding and conducting a trial on the merits when he refused to concede his guilt. Our discussion in Part II of this opinion sufficiently addresses this issue. The trial court satisfied itself as to the extent of Cockrell’s understanding of the consequences of a guilty plea and explored the available evidence to satisfy itself that there was a sufficient quantum of evidence implicating Cockrell in the crime to accept his plea despite his claim of a lack of criminal intent.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, and THOMAS, JJ., concur. CHANDLER, J., not participating.