GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Steven Eason appeals the judgment of the Greene County Circuit Court
 
 [1]
 
 affirming the Mississippi Department of Corrections’ (“MDOC”) calculation of his sentences. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Eason was convicted of four counts of sexual battery of a minor under the age of fourteen pursuant to Mississippi Code Annotated section 97-3-95(l)(d) (Rev. 2006). The Perry County Circuit Court sentenced him to thirty years in the custody of the MDOC for each of the first three counts, with the sentences to run consecutively. On the fourth count, the circuit court imposed a thirty-year sentence to run consecutively with the first three counts, with ten years to serve and the remainder of the sentence suspended pursuant to five years of post-release supervision.
 

 ¶3. Eason subsequently petitioned the circuit court for bond pending appeal. On June 28, 2007, the circuit court denied the motion. The section of the order describing Eason’s sentences states the following: “[Eason] was sentenced to thirty (30) years in each count for a total of one-hundred twenty (120) years in the custody of the Mississippi Department of Corrections with said sentences to run consecutively with ten (10) years to serve and the remainder suspended pursuant and in conformity with the Post-Release Supervision set out and authorized in Miss.Code Ann. § 47-7-34 (1972), as amended.” On direct appeal, this Court affirmed Eason’s convictions and sentences.
 
 Eason v. State,
 
 994 So.2d 785 (Miss.Ct.App.2008),
 
 cert. denied,
 
 998 So.2d 1010 (Miss.2008).
 

 
 *540
 
 ¶4. On March 5, 2008, Eason filed a request for administrative remedy -with the MDOC through its Administrative Remedy Program (“ARP”). Eason argued that the circuit court’s denial of his motion for bond pending appeal clarified the terms of his sentences so that the clause that suspended all but ten years of his sentence for count four applied to the entire sentence. Eason requested that the MDOC recompute his sentences so that he would serve ten years instead of one hundred years pursuant to that interpretation of the circuit court’s order denying bond. The MDOC denied his request, concluding that his sentences were properly computed as one hundred years to serve, and twenty years suspended pursuant to five years of post-release supervision.
 

 ¶ 5. Having exhausted his administrative remedies, Eason appealed the MDOC’s ruling to the Greene County Circuit Court. The circuit court affirmed the ARP’s denial of his grievance and ruled that the MDOC’s decision was not arbitrary or capricious, was supported by substantial evidence, and was not in violation of Eason’s rights. Eason now appeals the judgment of the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 6. “This Court cannot disturb the decision of an administrative agency, here the MDOC, unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency’s scope or powers or violated the constitutional or statutory rights of the aggrieved party.”
 
 Siggers v. Epps,
 
 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007) (citing
 
 Edwards v. Booker,
 
 796 So.2d 991, 994 (¶ 10) (Miss.2001)).
 

 ANALYSIS
 

 Whether the MDOC erroneously determined that Eason was sentenced to serve one hundred years in custody.
 

 ¶ 7. Eason, citing
 
 Thompson v. State,
 
 734 So.2d 210 (Miss.Ct.App.1999), argues that his sentencing order is ambiguous and must, therefore, be construed in his favor. He further claims that the MDOC is subjecting him to cruel and unusual punishment by arbitrarily changing the amount of time he is to serve from ten years to one hundred years.
 
 [2]
 

 ¶ 8. Eason was convicted and sentenced on four separate counts of sexual battery of a minor under the age of fourteen. The penalty imposed by statute for each offense ranges from twenty years to life in prison. Miss.Code Ann. § 97-3-101(3) (Rev.2006). It is well within the authority and discretion of the trial judge to impose penalties within the statutory range, and sentences for multiple offenses may run concurrently or consecutively as determined by the trial judge. Miss.Code Ann. § 99-19-21 (Rev.2007). The longstanding rule in Mississippi is that a sentence imposed within the statutory maximum does not give rise to an inference of dispropor-tionality and will not be disturbed on appeal.
 
 Kidd v. State,
 
 793 So.2d 675, 680(If 22) (Miss.Ct.App.2001).
 

 ¶ 9. Eason’s sentencing order states:
 

 IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant, STEVEN WALTER EASON, for his offense of SEXUAL BATTERY in
 
 *541
 
 Count One of the Indictment, for which he has been found guilty by the jury, is hereby sentenced to serve a term of THIRTY (30) years in the Mississippi Department of Corrections.
 

 IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, STEVEN WALTER EASON, for his offense of SEXUAL BATTERY in Count Two of the Indictment, for which he has been found guilty by the jury, is hereby sentenced to serve a term of THIRTY (30) years, said sentence to run consecutive[Iy] to the sentence in Count One.
 

 IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, STEVEN WALTER EASON, for his offense of SEXUAL BATTERY in Count Three of the Indictment, for which he has been found guilty by the jury, is hereby sentenced to serve a term of THIRTY (30) years, said sentence to run consecutive[ly] to the sentences in Count One and Count Two.
 

 IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, STEVEN WALTER EASON, for his offense of SEXUAL BATTERY in Count Four of the Indictment, for which he has been found guilty by the jury, is hereby sentenced to serve a term of THIRTY (30) years, said sentence to run consecutive[ly] to the sentences in Count One, Count Two, and Count Three, with Ten (10) years to serve in the custody of Mississippi Department of Corrections and the remainder suspended pursuant [to] and in conformity with the Post-Release Supervision set out and authorized in Miss.Code Ann. § 47-7-34 (1972), as amended, and Defendant shall be placed on Post-Release Supervision upon the following terms and conditions for a period of five (5) years:....
 

 ¶ 10. Eason argues that the sentencing order is ambiguous and that the language in count four, stating that he has ten years to serve, applies to his entire sentence. However, the only ambiguity as to Eason’s sentences was created by the circuit court’s order denying bond. As the State argues, Eason has no legal support for his argument that the MDOC should have interpreted his sentences based on the order denying bond instead of his actual sentencing order.
 

 ¶ 11. Furthermore, pursuant to Mississippi Code Annotated section 99-7-2(3) (Rev.2007), “[w]hen a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.” Eason’s argument that he is to serve only ten years would completely suspend and invalidate his sentences imposed for counts one, two, and three.
 

 ¶ 12. We find that Eason’s sentencing order is not ambiguous: it plainly states that he is to serve the sentence for each count consecutively; only the sentence in count four is reduced to ten years to serve with twenty years suspended pursuant to five years of post-release supervision. We find that the ARP interpreted Eason’s sentences correctly and that the Greene County Circuit Court did not abuse its discretion in affirming the MDOC’s decision. Accordingly, this argument has no merit.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Eason was convicted and sentenced by the Perry County Circuit Court. This appeal was brought in the Greene County Circuit Court because Eason is now housed at the South Mississippi Correctional Institution located in Greene County.
 

 [2]
 

 . We note that Eason's motion titled “Petition for a Writ of Habeas Corpus” is treated by this Court as an appeal from the MDOC’s administrative review of his time to serve. It is not considered a motion for post-conviction collateral relief because Eason is contesting the MDOC’s computation of time and not the validity of his convictions and sentences.
 
 See Guy v. State,
 
 915 So.2d 508, 510 (¶ 5) (Miss.Ct.App.2005).