CARLTON, J.,
for the Court:
¶ 1. Thomas J. Amerson, appearing pro se, appeals the decision of the Sunflower County Circuit Court, which affirmed the Mississippi Department of Corrections’ (MDOC) calculation of his sentences. We find no error and affirm.
FACTS
¶ 2. On September 7,1990, Amerson was incarcerated in the Lauderdale County Jail while awaiting trial on the charge of carrying a concealed weapon. On April 23, 1991, Amerson was sentenced on this charge as a habitual offender and ordered to serve five years. The MDOC credited Amerson’s sentence for the 228 days of jail time that he had served prior to the sentencing on this charge.
¶ 3. Amerson claims that he was served with an arrest warrant on October 29, 1990, for the crime of arson. Amerson was convicted of arson, damaging public property, and inciting a riot[1] on May 22, *1248 1991, and sentenced in the aggregate to ten years’ imprisonment[2] as a habitual offender with the aggregate sentence to run consecutively to his concealed-weapon sentence. Amerson also claims that he was served with a warrant for his arrest for simple assault of a law-enforcement officer on March 20, 1991. On September 4, 1991, Amerson was convicted of simple assault and sentenced as a habitual offender to five years to run consecutively to his arson sentence. Since September 7, 1990, Amerson has been continuously incarcerated in jail and/or prison, as he committed the crimes of arson, damaging public property, inciting a riot, and simple assault while incarcerated.
¶ 4. Amerson filed a request for administrative remedy with the MDOC through its Administrative Remedy Program (ARP). Amerson argued that the MDOC improperly calculated his jail-time credits and requested additional credits be applied toward his arson and assault sentences. The MDOC denied his request, concluding that Amerson had received all of the jail-time credits to which he was entitled.[3]
¶ 5. Having exhausted his administrative appeals within the MDOC’s ARP, Amerson appealed the MDOC’s ruling to the Sunflower County Circuit Court. After a hearing on April 7, 2010, the trial court affirmed the ARP’s denial of his grievance and ruled that the MDOC had correctly calculated Amerson’s sentences. On April 23, 2010, Amerson filed a notice of appeal. The trial court then held a second hearing on May 26, 2010, and subsequently entered an order allowing Amerson to proceed in forma pauperis in perfecting his appeal to the Mississippi Supreme Court.[4]
¶ 6. Aggrieved, Amerson raises the following issues as error, which have been restated for purposes of clarity and concision: whether (1) the trial court erred in finding that Amerson was only entitled to 228 days of jail-time credits;[5] (2) Amerson *1249 was deprived of his right to confrontation and his right to establish a record due to Epps’s absence at the hearing before the trial court; and (3) the trial court abused its discretion by summoning Amerson to a second hearing.
DISCUSSION
I. SENTENCE CALCULATION
¶ 7. Amerson argues that the trial court erred in finding that the MDOC had correctly computed his jail-time credits. Specifically, Amerson seeks 205 days of jail-time credits for the time that he spent incarcerated while awaiting trial on his arson charge and 168 days for the time spent incarcerated while awaiting trial on his assault charge.[6] Amerson claims that the MDOC’s denial of these jail-time credits deprived him of due process of law. In the State’s appellate brief, the State and Epps respond that because Amerson was sentenced as a habitual offender and his sentences were ordered to run consecutively to the immediately preceding sentence,[7] he had to serve the entirety of his first sentence before he was eligible to receive any credit toward the service of his other sentences. In its responses to Am-erson’s ARP requests, the MDOC explained to Amerson that he was only allowed credit for the time spent in jail prior to being sentenced and/or while awaiting trial.
¶ 8. On appeal, “[t]his Court cannot disturb the decision of an administrative agency, here the MDOC, unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency’s scope or powers or violated the constitutional or statutory rights of the aggrieved party.” Siggers v. Epps, 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007) (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 10) (Miss.2001)). See Uniform Rule of Circuit and County Court 5.03.
¶ 9. Turning to the law applicable to the underlying dispute, we find that Mississippi Code Annotated section 99-19-23 (Rev. 2007) speaks to the process employed when calculating and applying jail-time credits toward a prisoner’s incarceration time. Section 99-19-23 states:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
“However, ... ‘a prisoner actually serving time for another conviction is not, within the meaning of Section 99-19-23, being held to await trial.’ ” Bailey v. State, 19 So.3d 828, 831 (¶ 15) (Miss.Ct.App.2009).
¶ 10. The record contains the concise opinion of the trial judge affirming the *1250 MDOC’s calculation of Amerson’s jail-time credits. The trial judge found as follows:
On April 23, 1991 Amerson was sentenced in Lauderdale County, Mississippi[,] to five (5) years as a habitual criminal for carrying a concealed weapon. The Lauderdale [Cjounty [JJail credited him with two hundred and twenty-eight (228) days of jail time prior to sentencing. Since his sentence began date of September 7,1990[,] he has been continuously incarcerated in jail and/or prison as the other crimes were all committed while he was incarcerated.
Amerson’s claim was that time spent in jail after arrest for the crimes committed in jail was “jail time” which should further reduce his sentences. The State argued that he got credit from the start date and everything after that date was part of his prison time, as he was continuously incarcerated.
The Court noted that Amerson was continuously incarcerated since the September 7, 1990 jail time began, and that September 7, 1990[,] was the beginning date for all sentences. Amerson cannot receive “jail time” and sentence credits simultaneously, only once, and he has gotten all credits to which he is entitled. Amerson’s sentences began September 7,1990. His first sentence [on] April 23, 1991[,] is five (5) years [as a] habitual for carrying a concealed weapon. His second sentence [on] May 22, 1991[,] is ten (10) years [as a] habitual for arson [to run] consecutively]. Hi[s] next sentence [on] May 22, 1991[,] is five (5) years for damaging public property [to run] concurrently. His next sentence [on] May 22, 1991[,] is ten (10) years [to run] consecutively for inciting a riot.[8] His final sentence [on] September 4, 1991 [,] is a five (5) year simple assault [of a law-enforcement officer] sentence as a habitual criminal.
The Court finds the Mississippi Department of Corrections to have correctly computed Mr. Amerson’s five (5) sentences as he conceded in the pre-hearing after the Court explained it to him.
This matter is hereby finally dismissed with prejudice. His only pre-felony jail time was September 7, 1990[,] to April 23, 1991; two hundred and twenty-eight (228) days.
¶ 11. Upon review, this Court acknowledges that a limited standard of review is employed when reviewing a decision of an administrative agency, such as the MDOC. See Eason v. Epps, 32 So.3d 538, 540 (¶ 6) (Miss.Ct.App.2009) (quoting Siggers, 962 So.2d at 80 (¶ 4)). As noted by the trial judge, Amerson was already incarcerated awaiting trial on his concealed-weapon charge. Also, after Amer-son was later convicted of the concealed-weapon charge, and serving the time imposed for the offense, he was then convicted and sentenced for his subsequent offenses of arson, damaging public property, inciting a riot, and simple assault. Therefore, this Court finds that the trial court’s decision to affirm the MDOC’s calculation of Amerson’s sentences was supported by substantial evidence, was not arbitrary or capricious, was not beyond the agency’s scope of powers, and did not violate Amer-son’s constitutional or statutory rights.
¶ 12. Amerson next argues that the trial court erred in finding that he sought to receive jail-time credits toward all five of his sentences, rather than only his arson and assault sentences, and that the trial *1251 court erred in finding that he had conceded the fact that all of his jail-time credits were properly calculated. We find that the record fails to support Amerson’s contentions. See Mason v. State, 440 So.2d 318, 319 (Miss.1983) (“We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions.”). We further conclude that this issue lacks merit since we concur with the trial court’s finding that the MDOC properly calculated Amerson’s sentence. Accordingly, we find that the decision by the MDOC was not arbitrary and capricious, and the MDOC’s calculation was in accordance with the law and fell within the agency’s authority. This issue lacks merit.
II. RIGHT TO CONFRONTATION
¶ 13. Amerson next argues that the trial court deprived him of his due-process rights by not allowing him to confront Epps in open court. In response, the State and Epps argue that no violation of Amerson’s Sixth Amendment right to confrontation occurred. The State and Epps contend that Epps was named in this civil action in his official capacity as Commissioner of the MDOC, and neither any evidence nor allegation exists in the record reflecting any testimony by Epps. Therefore, Amerson was not subsequently being refused the opportunity for cross-examination of any “accuser.”[9]
¶ 14. Upon a review of the record, this Court agrees with the position of the State and of Epps that no violation of Amerson’s Sixth Amendment rights occurred. As this case constitutes a civil matter, and because no right of confrontation exists in civil cases, this claim is without merit. See U.S. Const, amend. VI. As such, this issue lacks merit.
III. SECOND HEARING
¶ 15. After Amerson filed his notice of appeal on April 23, 2010, the trial court held a hearing on May 26, 2010, and then entered an order allowing Amerson to proceed in forma pauperis in perfecting his appeal. In Amerson’s final assignment of error, he argues that the trial court lacked jurisdiction to require him to appear in court for a “second hearing” after he had filed his notice of appeal. However, a review of the record reveals that the trial court only held the hearing, which occurred after Amerson had filed his notice of appeal and application for in forma pau-peris status, to determine whether to grant Amerson authority to proceed in forma pauperis on appeal.
¶ 16. The record shows that Amer-son filed an affidavit of poverty, along with an application to proceed on appeal in for-ma pauperis, and a notice of appeal on April 23, 2010.[10] The record further reflects that the hearing on that application occurred in the trial court on May 26, 2010. While Amerson argues that the merits of his appeal were re-evaluated at his second hearing, the record fails to support this proposition.[11] This Court can only consider that which is in the record before us. See Barnes v. State, 937 So.2d 1006, 1009 (¶ 6) (Miss.Ct.App.2006) (find *1252 ing that appellate courts may only consider the facts that are in the record and cannot rely on a petitioner’s allegations in his brief). The record before this Court in the present case reflects that the only order entered by the trial court after Amerson filed his notice of appeal constituted an order allowing Amerson to proceed in for-ma pauperis in perfecting his appeal. The trial court committed no error in holding a hearing to consider Amerson’s application for in forma pauperis status and committed no error in issuing an order allowing Amerson to proceed in forma pauperis. An order granting authority to proceed in forma pauperis falls within the trial court’s authority to grant and such order fails to broaden, amend, modify, vacate, clarify, or rehear a previous decree of the court.[12] See generally M.R.C.P. 60(b); Am.Jur. Costs § 98 (2005) (stating that “[ojrdinarily, where litigants cannot afford to pay a filing fee, that fee is waived so that poverty will not create a de facto barrier to access to the courts.”). Therefore, we find that this issue lacks merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ., MYERS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR. ROBERTS AND RUSSELL, JJ., NOT PARTICIPATING.

. Amerson does not provide this Court with the date on which he was arrested for the *1248 charges of damaging public property and inciting a riot. However, because Amerson does not raise error with the time that he was incarcerated awaiting trial on these charges, we find that this information is not pertinent to today’s discussion.

. Amerson was sentenced as a habitual offender to ten years for his arson conviction to run consecutively to his concealed-weapon sentence, to five years for his damaging-public-property conviction to run concurrently to his arson sentence, and to ten years for his inciting-a-riot conviction to run concurrently to his damaging-public-property sentence.

. Dorothy Johnson, the MDOC Records Supervisor, responded to Amerson’s first ARP request by stating the following:
You are only allowed credit for pre-trial detention which is the time spent in jail prior to being sentenced and/or while awaiting trial. You were arrested 9-7-90 and while in jail you committed new crimes which resulted in convictions on 5-22-91. Therefore, your jail time credit of 228 days from 9-7-90 thrfough] 4-23-91 includes time from 10-29-90 and 3-20-91. You will not be credited an additional 205 and 168 days [of] jail time.
Lawrence Kelly, the MDOC Superintendent, and Christopher Epps, the MDOC Commissioner, provided similar responses to Amer-son’s second and third ARP requests.

. The Mississippi Supreme Court assigned the present case to this Court.

. Amerson raises the following three issues all relating to the calculation of his sentences in his brief on appeal: whether the trial court (1) applied an erroneous finding of fact in determining that it was Amerson’s desire to have prison personnel award him additional jail-time credits on all five of his sentences; (2) abused its discretion in finding that Amer-son was only entitled to 228 days of jail-time credits, contrary to mandatory Mississippi law; and (3) employed an erroneous finding of fact in determining that Amerson conceded to the prison personnel's computation of his jail-time credits at the hearing. For clarity, this Court will combine these issues into one issue for the sake of today's discussion.

. Amerson claims that he was served with an arrest warrant on October 29, 1990, for the crime of arson, but he was not sentenced until May 22, 1991, resulting in a total incarceration time of 205 days for this charge. Amer-son also contends that he was served with a warrant for his arrest for assault on March 20, 1991, and was sentenced on September 4, 1991, resulting in a total incarceration time of 168 days for this charge.

. Throughout their brief, the State and Epps refer to Amerson’s three separate May 22, 1991 convictions collectively as one sentence, the arson sentence. The State and Epps explain in their brief that because the other two crimes, damaging public property and inciting a riot, were less than or equal in length to the arson sentence, were not habitual, and were ordered to run concurrently with the arson sentence, the arson sentence controls the time he had to serve for all three sentences.

. While the trial court's order provides that Amerson is to serve ten years for inciting a riot to run consecutively to his previous sentences, the MDOC time sheet clearly provides that this charge is to run. concurrently to Am-erson’s sentence for damaging public property-

. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him_” U.S. Const. amend. VI.

. Mississippi Rule of Appellate Procedure 6(a)(1) provides for criminal appeals in forma pauperis: "A defendant in a criminal case in a trial court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing the defendant’s inability to pay fees and costs.”

.The appellate record fails to include the transcript of the hearing that occurred in the trial court on May 26, 2010. "It is the appellant's duty to compile an appellate record that *1252 sufficiently reflects the trial court proceedings that form the factual basis of the arguments on appeal.” Clark v. State, 40 So.3d 531, 540 n. 4 (Miss.2010) (citing Byrom v. State, 863 So.2d 836, 853 (¶ 35) (Miss.2003)).

. See Green v. Sparkman, 829 So.2d 1290, 1291 (¶ 3) (Miss.Ct.App.2002) (finding no abuse of discretion in the trial court's certification of in forma pauperis status for an inmate who brought a claim seeking additional earned jail-time credits even though the claim did not concern post-conviction relief).