MAXWELL, J,
for the Court:
¶ 1. Vincent Bailey appeals the Clay County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). The circuit court found the PCR motion barred by the three-year statute of limitations. Finding no applicable exception to the time bar, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 2. In considering the dismissal of a PCR motion, we review the trial court’s findings of fact for clear error. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct. App.2004). When reviewing questions of law, our standard is de novo. Id. The trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2010). See also State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
DISCUSSION
¶ 3. Though Bailey does not clearly present his arguments, he seems to argue primarily that his sentences for sale of a controlled substance should have been ordered to run concurrently rather than consecutively.
¶ 4. According to Bailey, he pled guilty to several counts of sale of a controlled substance on August 5, 2004. He filed his PCR motion on March 22, 2010, well after the three-year statute of limitations had expired.[1] No exception to the time bar is applicable. And Bailey does not claim “his sentence has expired.” Miss.Code Ann. § 99—39—5(2)(b) (Supp.2010). Instead, he argues the circuit court improperly imposed his sentence. This is certainly a separate claim that could have been brought within the three-year limitations period.
¶ 5. Even so, the Mississippi Supreme Court has held that the procedural bars of the Uniform Post-Conviction Collateral Relief Act do not apply to “errors affecting fundamental constitutional rights.” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). Yet the mere assertion of a constitutional-right violation does not suffice to overcome the three-year time bar. Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.App.2010). “There must at least appear to be some basis for *351 the truth of the claim before the limitation period will be waived.” Id.
¶ 6. The record is sparse at best, as is often true in PCR cases. Neither the charging documents, nor sentencing orders, nor any other official court documents concerning Bailey’s underlying convictions appear in the record. But these deficiencies are not weighed against the State since the appellant, Bailey, has the burden to ensure the record is sufficient to support his assignments of error. Austin v. State, 971 So.2d 1286, 1287 n. 1 (Miss.Ct. App.2008). Here, he has not done so. From this record, we cannot address his claim that his sentences were “illegal.” Nor are we sure of the counts to which he pled guilty or the operation of his sentences. We further note the decision to impose Bailey’s sentences consecutively is within the trial judge’s discretion. Miss. Code Ann. § 99-19-21(1) (Rev.2007). See also Coffey v. State, 856 So.2d 635, 638 (¶ 10) (Miss.Ct.App.2003).
¶ 7. Bailey also suggests for the first time on appeal that his double-jeopardy rights were violated. But this contention is also unreviewable because this record contains no official documentation concerning his underlying convictions. See Tate v. State; 767 So.2d 1045, 1046-47 (¶¶ 7-9) (Miss.Ct.App.2000).
¶ 8. For these reasons, we affirm the circuit court’s judgment.
¶ 9. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.

. The time bar found in Mississippi Code Annotated section 99-39-5(2) (Supp.2010) provides that a PCR motion challenging a guilty plea must be made "within three (3) years after entry of the judgment of conviction."