# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01366-COA

ANTONIO SCOTT A/K/A ANTONIO J. SCOTT                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/2014 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTONIO SCOTT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED: 03/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Four years after Antonio Scott pleaded guilty to aggravated assault and carjacking, he submitted a motion for post-conviction collateral relief (PCCR), challenging his consecutive sentences. The circuit court dismissed his claim. Not only is Scott's challenge cut off by the three-year statute of limitations, but he mistakenly believes the judge had to order that his sentences be served concurrently. This view is legally wrong, since the Legislature has given our sentencing judges discretion to impose consecutive sentences for separate convictions in multicount indictments.

¶2.     We thus affirm.

## Standard of Review

¶3.     When considering the dismissal of a PCCR motion, "we review the trial court's findings of fact for clear error." *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011). We review questions of law de novo. *Id.* The burden is on the PCCR movant to show by a preponderance of the evidence he is entitled to relief. *Id.*

## Facts, Procedural History, and Discussion

¶4.     On January 14, 2010, Scott entered guilty pleas to aggravated assault and carjacking. Both counts stemmed from a multicount indictment. The judge sentenced Scott to consecutive sentences of twenty years and ten years.[1] On July 25, 2014, Scott filed a PCCR motion, attacking the legality of his sentences. His motion was untimely since it was not filed within three years after entry of the judgment of conviction. *See* Miss. Code Ann. § 99-39-5 (Rev. 2015).

¶5.     But Scott claims his sentence was illegal, and "the right to be free from an illegal sentence is a fundamental right not subject to the time-bar[.]" *Hughes v. State*, 106 So. 3d 836, 840 (¶10) (Miss. Ct. App. 2012). However, it is the movant's burden "to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011)

---

[1] Scott was convicted of aggravated assault under Mississippi Code Annotated section 97-3-7(2)(b) (Rev. 2014), which carries a maximum imprisonment of thirty years. The maximum penalty for carjacking is fifteen years. Miss. Code Ann. § 97-3-117(1)(a) (Rev. 2014). Thus, Scott was sentenced within the statutory ranges for these offenses.

(citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)). And here, Scott has failed to meet that burden since he merely *asserts* (but fails to *prove*) a fundamental-right violation, which is not enough. *Blount v. State*, 126 So. 3d 927, 930 (¶14) (Miss. Ct. App. 2013); *see also Bailey v. State*, 65 So. 3d 349, 350 (¶5) (Miss. Ct. App. 2011) ("[T]he mere assertion of a constitutional-right violation does not suffice to overcome the three-year time bar.").

¶6. The illegality he asserts is that his sentences should be served concurrently, not consecutively, because the "charges grew out of the same set of operative fact[s]." As support, he cites a pre-section 99-7-2 case—*Thomas v. State*, 474 So. 2d 604, 606 (Miss. 1985) (superseded by statute)—in which the supreme court expressed its disfavor of multicount indictments. But *Thomas* and its predecessor cases have been superseded after enactment of section 99-7-2—the "multicount indictment statute[.]" *See Woodward v. State*, 533 So. 2d 418, 422 (Miss. 1986) (recognizing *Thomas* was superseded by statute and rejecting the argument that the pyramiding of multiple punishments growing out of same set of operative facts was impermissible in light of the then recently enacted multicount-indictment statute).

¶7. The circuit court recognized as much and dismissed Scott's PCCR motion, emphasizing *Thomas* was dated and our Legislature has since enacted a statute permitting consecutive sentences on multicount indictments. Scott appealed the dismissal, raising the same argument here. We agree with the circuit court that dismissal was appropriate.

3

¶8. In 1986,[2] our Legislature enacted a statute allowing multicount indictments and consecutive sentences. The relevant parts of it explain:

> (1) Two (2) or more offenses . . . may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction . . . .
>
> . . . .
>
> (3) When a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.
>
> . . . .
>
> (5) Nothing contained in this section shall be construed . . . to prohibit the court from exercising its discretion to impose such sentences to run either concurrently with or consecutively to each other or any other sentence or sentences previously imposed upon the defendant.

Miss. Code Ann. § 99-7-2 (Rev. 2015); *see also Eason v. Epps*, 32 So. 3d 538, 540 (¶8) (Miss. Ct. App. 2009) (trial judges have authority and discretion to impose penalties within statutory range, and sentences for multiple offenses may run concurrently or consecutively as determined by trial judge); *Bailey*, 65 So. 3d at 351 (¶6) (trial judges have discretion to decide whether to impose sentences consecutively).

¶9. Because multicount indictments are allowed and sentencing judges are given discretion to fashion their sentences to run concurrently or consecutively, Scott's sentences were not "illegal." We thus find his claim is both untimely and without merit. We affirm.

---

[2] This statute became effective July 1, 1986, not in 2013 as Scott claims.

¶10. **THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**