# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00594-COA

**RONALD VANCE MASON A/K/A RONALD V.**                    **APPELLANT**
**MASON A/K/A RONALD MASON**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2015 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RONALD VANCE MASON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 06/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE, JAMES AND WILSON, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.    Ronald Vance Mason (pro se) appeals from the circuit court's dismissal of his motion for postconviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On September 4, 2009, Mason was indicted on one count of sexual battery in violation of Mississippi Code Annotated section 97-3-95 (Rev. 2014), and one count of fondling in violation of Mississippi Code Annotated section 97-5-23 (Supp. 2015).  On November 18, 2010, Mason pled guilty to fondling.  The sexual-battery charge was retired to the files.  On

December 16, 2010, the circuit court sentenced Mason to fifteen years, with nine years to serve in the custody of the Mississippi Department of Corrections (MDOC), six years suspended, and five years of post-release supervision. His nine-year sentence was ordered to be served day-for-day. Mason was also ordered to register as a sex offender upon release and to pay a fine and court costs.

¶3. On January 7, 2015, Mason filed a PCR motion arguing that his sentence was illegal. Mason claimed that his sentence exceeded the statutory limit under section 97-5-23(1). On March 10, 2015, the circuit court dismissed Mason's PCR motion, finding that his sentence was within the statutory maximum of fifteen years allowed by section 97-5-23(1). The circuit court found that under Mississippi Code Annotated section 47-7-34(1) (Rev. 2015), "[a] court . . . may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." As a result, the circuit court held that Mason's sentence of nine years of incarceration plus five years of post-release supervision was within the statutory maximum sentence.

## STANDARD OF REVIEW

¶4. "The [circuit] court may summarily dismiss a PCR motion where it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief." *Bailey v. State*, 65 So. 3d 349, 350 (¶2) (Miss. Ct. App. 2011) (citing Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). "This [C]ourt will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim

2

procedurally alive substantially showing the denial of a state or federal right." *Id.*

## DISCUSSION

¶5. Mason's PCR motion is time-barred under Mississippi Code Annotated section 99-39-5(2), because it was filed more than three years after the entry of his judgment of conviction. However, "the right to be free from an illegal sentence is a fundamental right that is not subject to the time-bar[.]" *Hughes v. State*, 106 So. 3d 836, 840 (¶10) (Miss. Ct. App. 2012). Mason argues that his sentence was illegal because he claims it exceeds the statutory maximum of fifteen years. We disagree.

¶6. Under section 47-7-34(1), "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed."

¶7. In *Brown v. State*, 923 So. 2d 258, 260 (¶5) (Miss. Ct. App. 2006), the PCR movant argued that her sentence, when combined with her term of post-release supervision, exceeded the statutory maximum of twenty years for the crime of manslaughter. We rejected her argument, and held that although she was sentenced to twenty years, plus four years of post-release supervision, her sentence did not exceed the statutory maximum because four years of her sentence had been suspended. *Id*.

¶8. Similarly, Mason was sentenced to a term of fifteen years, but six years were suspended. As a result, the nine years that Mason will be incarcerated combined with five years of post-release supervision is within the permissible statutory maximum sentence of fifteen years for fondling. Therefore, Mason's argument is without merit.

3

¶9.     THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.

       LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.