*425 ON MOTION FOR REHEARING
KING, P.J.,
for the Court:
¶ 1. On December 8, 1998, this Court issued our per curiam affirmance of an order of the Chancery Court of DeSoto County finding John Wayne Carlock in contempt for failing to pay child support, medical bills and alimony. Carlock has filed his motion for rehearing, asking the Court to reconsider our decision. Finding no error on the part of the chancellor in this case, we deny Carlock’s motion for rehearing.
¶ 2. Carlock appealed from the June 30, 1997 amended order on show cause hearing, in which the chancery court ordered Carlock incarcerated until “such time as purges himself of contempt by paying the sum of $6764.45, being past due child support and alimony, medical bills, and attorney’s fees incurred in this action.” Car-lock did not appear at the hearing held on January 13, 1997, on the petition for citation of contempt.
¶ 3. Essentially, Carlock, who appeals pro se, only raises the issue that the lower court did not possess subject matter jurisdiction. He argues that Mississippi has repealed its boundaries by repeal of Article 2, section 3 of the Mississippi Constitution and consequently “Mississippi no longer possesses] Sovereign state power, it is now the people of the area known as Mississippi, who retain their individual Sovereign Power.” He contends that the DeSoto County Chancery Court wholly lacked subject matter jurisdiction and was without power or authority to enter its order. He argues that the order “has been rendered null, void and unenforceable on its face.” The issue of the court’s jurisdiction was raised in a “Verified Bill of Exceptions Statement of the Issues,” which was filed on July 14, 1997, well after the court entered its order finding him in contempt.
¶ 4. This Court has no difficulty in finding that the chancery court properly
found Carlock in contempt for his failure to pay back child support and alimony pursuant to Miss.Code Ann. § 9-1-17 (Rev.1991). “[Cjontempt matters are committed to the substantial discretion of the trial court which, by institutional circumstances and both temporal and visual proximity, is infinitely more competent to decide the matter....” Morreale v. Morr-eóle, 646 So.2d 1264, 1267 (Miss.1994). “A chancellor’s findings must be allowed to stand unless manifest error is present and apparent.” Herrington v. Herrington, 660 So.2d 215, 218 (Miss.1994). Carlock makes no attempt at showing that the factual finding of the court was in error.
¶ 5. We find that Mississippi still possesses sovereign state power and that the Chancery Court of DeSoto County, Mississippi had jurisdiction to hear the case at bar. Carlock’s argument on this point is so totally and obviously without merit that no further discussion is necessary.
¶ 6. MOTION FOR REHEARING DENIED.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, AND LEE, JJ„ NOT PARTICIPATING.