ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Otis Lee Banks was indicted on October 16, 2001, in the Circuit Court of Warren County for one count of armed robbery and five counts of kidnapping. Banks pleaded guilty on March 20, 2002, to one count of armed robbery and five counts of kidnapping. Banks received a fifteen-year sentence for one count of armed robbery, which was to run consecutively to a fifteen-year sentence for five counts of kidnapping. The combined sentences totaled thirty years, with fifteen years to serve without parole or early re
 
 *83
 
 lease, and fifteen years suspended with five years of post-release supervision.
 

 ¶ 2. On March 17, 2008, Banks filed a motion for post-conviction relief to vacate and set aside his sentence. He argued that his sentence under Mississippi Code Annotated section 47—Y—3(d) (ii) (Supp.2008) was illegal. It was Banks’s contention that he should have been sentenced under Mississippi Code Annotated section 47-7-3(d)(i) (Supp.2008), which allows for parole. The circuit court noted that Banks had previously filed a motion for post-conviction relief on November 23, 2004, which was denied. A motion for reconsideration of its denial was also denied. The circuit court determined that Banks’s motion, which was filed on March 17, 2008, and an additional motion for post-conviction relief filed on September 11, 2006, were both barred as a successive writs, and the court entered an order dismissing both of them. Aggrieved, Banks timely appeals the dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 3. On appeal of a circuit court’s dismissal of a motion for post-conviction relief, we will not disturb the court’s factual findings unless they are found to be clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004) (citing
 
 Pace v. State,
 
 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000)). However, we will review questions of law under a de novo standard.
 
 Id.
 

 DISCUSSION
 

 Successive Writ
 

 ¶ 4. Banks asserts that the circuit court erred in dismissing his motion for post-conviction relief without holding an eviden-tiary hearing or requiring the State to file an answer to his motion. Banks argues that his motion demonstrated the denial of his constitutional rights. Banks contends that the circuit court erred in dismissing his motion and asks that its ruling be vacated. The State replies that the circuit court correctly dismissed Banks’s motion for post-conviction relief as being barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23 (Supp. 2008) and asks that the judgment of the circuit court dismissing Banks’s motion for post-conviction relief be affirmed.
 

 ¶ 5. “[U]nder Mississippi Code Annotated section 99-39-23(6) (Rev.2007), an inmate is barred from filing a second or successive motion for post-conviction relief if he had previously filed a post-conviction-relief motion that was denied by the trial court.”
 
 Lyons v. State,
 
 990 So.2d 262, 264(¶ 8) (Miss.Ct.App.2008). In this ease, the circuit court noted that Banks initially filed a motion for post-conviction relief on November 23, 2004, which was denied on February 11, 2005. A motion for reconsideration of its denial was also denied on April 15, 2005. Banks filed additional motions for post-conviction relief on September 11, 2006, and on March 17, 2008. The circuit court dismissed both the September 11, 2006, motion and the March 17, 2008, motion, finding both to be successive writs.
 

 ¶ 6. An order from a circuit court dismissing or denying a party’s motion for post-conviction relief “is a final judgment and shall be conclusive unless reversed.” Miss.Code Ann. § 99-39-23(6). Such an order is a bar to a second or successive motion for post-conviction relief.
 
 Id.
 
 The following are exceptions to the successive-writ bar:
 

 [T]hose cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome
 
 *84
 
 of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Id.
 
 Banks’s allegations do not meet any of the exceptions provided for in section 99-89-23(6).
 

 ¶ 7. Additionally, Banks’s claim that his sentence is illegal is wholly without merit. Section 47-7~3(d)(i), which Banks alleges applies to him, provides that it does not apply to any person convicted after September 30, 1994. Furthermore, “Mississippi Code Annotated section 47-7-3(d)(ii) (Supp.2003) pertains to convictions for robbery, attempted robbery, or carjacking through the display of a deadly firearm, and to drive-by shooting convictions. The statute indeed forecloses armed robbers convicted after October 1, 1994, from parole eligibility.”
 
 Thomas v. State,
 
 881 So.2d 912, 916(¶11) (Miss.Ct.App.2004). Accordingly, Banks was properly denied eligibility for parole because he pleaded guilty to armed robbery on March 20, 2002.
 

 ¶ 8. It is clear that Banks’s motion for post-conviction relief was a successive writ. He has failed to demonstrate that his case falls under one of the enumerated exceptions to the successive-writ bar. We find no error with the circuit court’s dismissal of Banks’s motion for post-conviction relief. This issue is without merit.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.