LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Daniel Zachary Ross, along with three other men, were indicted for armed robbery and conspiracy to commit armed robbery. The four men were accused of taking a man’s wallet in Lee County, Mississippi, after displaying a .38-caliber revolver to him.
¶2. Ross pleaded guilty to armed robbery, and in exchange, the conspiracy charge was dismissed. Ross was sentenced by the Lee County Circuit Court to thirty years in the custody of the Mississippi Department of Corrections with eighteen years suspended and five years of post-release supervision.
¶ 3. Ross filed a motion for post-conviction relief in the trial court, asserting: (1) the indictment charged him under the wrong statute, and (2) one of his co-defendants was allowed to plead guilty to a lesser crime than armed robbery and received a lesser sentence. Ross now ap *486 peals the denial of his motion for post-conviction relief.
STANDARD OF REVIEW
¶ 4. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. INDICTMENT
¶ 5. Ross argues that the trial court erroneously sentenced him under Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Supp.2011), which denies eligibility for parole for armed robbery. He argues that he should have been sentenced under Mississippi Code Annotated section 47-7-3(1)(d)(i) (Supp.2011), which allows for parole.
¶ 6. Section 47 — 7—3(l)(d)(i) states:
No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole. The provisions of this paragraph (d) shall also apply to any person who shall commit robbery or attempted robbery on or after July 1, 1982, through the display of a deadly weapon. This paragraph (d)(i) shall not apply to persons convicted after September 30, 1994....
Mississippi Code Annotated section 47-7-3(l)(d)(ii) states:
No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery[,] or carjacking as provided in Section 97-3-115 et seq., through the display of a firearm or drive-by shooting as provided in Section 97-3-109. The provisions of this paragraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, earjack-ing[,] or a drive-by shooting on or after October 1,1994, through the display of a deadly weapon....
¶ 7. Ross argues that the sentence under section 47 — 7—3(1)(d)(ii) was incorrect because he was charged with armed robbery under Mississippi Code Annotated section 97-3-79 (Rev.2006), which does not mention carjacking. He argues that section 47 — 7—3(l)(d)(ii) is for sentences involving carjackings. This argument is without merit since section 47 — 7—3(1)(d)(ii) applies to “robbery, attempted robbery, carjacking[,] or a drive-by shooting.”
¶ 8. The significant difference between these two sections was discussed by this Court in Banks v. State, 37 So.3d 81 (Miss.Ct.App.2009). Banks argued that he was erroneously sentenced under section 47 — 7—3(l)(d)(ii) when he should have been sentenced under section 47 — 7—3(1)(d)(i). Id. at 84. This Court found Banks’s argument without merit because “[sjection 47-7 — 3[l](d)(i) ... provides that it does not apply to any person convicted after September 30, 1994.” As Banks pleaded guilty to armed robbery on March 20, 2002, section 47 — 7—3(1)(d)(i) did not apply. Id. Section 47 — 7—3(1)(d)(ii), however, applies to crimes committed “on or after October 1, 1994.” Thus, Banks was appro *487 priately sentenced under section 47-7-3(l)(d)(ii).
¶ 9. The same is true for Ross. The armed robbery occurred “on or about January 9, 2007.” As this was after October 1, 1994, Ross was correctly sentenced under section 47 — 7—3(l)(d)(ii). This issue is without merit.
II. SENTENCE OF CO-DEFENDANT
¶ 10. Next, Ross argues that he was denied due process of law because one of his co-defendants was allowed to enter a guilty plea to simple robbery and was given a lesser sentence than Ross. Ross argues that his sentence was disproportionate and illegal.
¶ 11. With regard to sentencing, “a trial judge acts with the broadest of discretion as long as the sentence is within the statutory guidelines.” Vaughn v. State, 964 So.2d 509, 510 (¶ 8) (Miss.Ct.App.2006). Further, “a sentence that does not exceed the maximum term allowed by the statute, cannot be disturbed on appeal.” Edwards v. State, 800 So.2d 454, 468 (¶ 45) (Miss.2001) (citing Fleming v. State, 604 So.2d 280, 302 (Miss.1992)).
¶ 12. The sentence for armed robbery is “not less than three (3) years,” and the maximum sentence is life if that sentence is imposed by a jury. Miss.Code Ann. § 97-3-79. Ross was sentenced by the trial court to thirty years with eighteen years suspended and five years of post-release supervision. Ross’s sentence falls within the statutory guidelines. As for Ross’s argument that his sentence was disproportionate, the trial court noted that “[t]he sentences imposed in this matter were all the results of plea negotiations and recommendations by the State of Mississippi.” “Further, there is no requirement that co-conspirators receive identical sentences.” Collins v. State, 822 So.2d 364, 366 (¶ 6) (Miss.Ct.App.2002) (citing Jones v. State, 669 So.2d 1383, 1393 (Miss.1995)).
¶ 13. We find that this issue is without merit.
¶ 14. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.