MAXWELL, J.,
for the Court:
¶ 1. Amy Danielle Wilkerson appeals the Jackson County Circuit Court’s dismissal of her motion for post-conviction relief (PCR). On appeal, she argues (1) her guilty plea was involuntary, and (2) her trial counsel was ineffective. Wilkerson’s first argument is procedurally barred because she failed to raise the voluntariness of her plea in her PCR motion. But this procedural bar aside, we find Wilkerson was properly advised of the consequences of her plea, and no error by her counsel rendered her plea involuntary. Finding no error, we affirm.
FACTS
¶ 2. During the early morning hours of July 18, 2005, the parents of eight-week-old Tristen Chin followed their normal routine. Tristen’s mother awoke and played with him before going to work. His father then dropped Tristen off at Wilkerson’s home for Wilkerson to babysit him that day. Tristen was in perfect health when his father left him under Wilkerson’s care.
¶ 3. About five hours later, 911 received a call reporting that Tristen was not breathing. Responding paramedics arrived to find Wilkerson attempting to perform CPR on the infant. Tristen was taken to the hospital and died a short time later.
¶4. Wilkerson gave several conflicting accounts of the events surrounding Tris-ten’s death. At the hospital, Wilkerson told Tristen’s mother that Tristen had been injured while riding in the car. Wilkerson later told police detectives that Tris-ten’s injury occurred when he fell from the couch and hit his head. Wilkerson eventually confessed that her “couch story” was false and that she had shaken Tristen to death.
¶ 5. A Jackson County grand jury indicted Wilkerson for capital murder.[1] Wilkerson initially pled not guilty but later entered into a plea agreement and pled guilty to depraved-heart murder.[2]
¶ 6. Exactly three years later, Wilkerson filed a PCR motion arguing her trial attorneys were ineffective. The circuit court found it plain from reviewing Wilkerson’s motion that she was not entitled to relief. See Miss.Code Ann. § 99-39-11(2) (Supp. 2011). The circuit court summarily dismissed her PCR motion without holding an evidentiary hearing. Wilkerson now appeals.
STANDARD OF REVIEW
¶ 7. In considering the dismissal of a PCR motion, we review the trial court’s findings of fact for clear error and its determinations of' law de novo. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). The PCR movant has the burden to show by a preponderance of the evidence that he is entitled to relief. Miss.Code Ann. § 99-39-23(7) (Supp.2011). The trial court may summarily dismiss a PCR motion without holding an evidentia-ry hearing where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any *614 relief[.]” Mitchell v. State, 58 So.3d 59, 60 (¶ 5) (Miss.Ct.App.2011) (quoting Miss. Code Ann. § 99-39-11(2)). We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim proeedurally alive substantially showing the denial of a state or federal right.” Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
DISCUSSION
I. Voluntariness of Plea
¶ 8. Wilkerson argues her guilty plea was involuntary because: (1) the circuit court failed to explain to her the minimum and maximum sentences she faced; (2) she was not given an opportunity to explain during her plea colloquy her “own version of the alleged [baby] shaking”; and (3) she only had thirty minutes to contemplate her plea.
A. Procedural Bar
¶ 9. Wilkerson failed to raise any of the issues relating to the voluntariness of her plea in her PCR motion, which is a procedural bar. See Foster v. State, 716 So.2d 538, 540 (¶ 9) (Miss.1998). This bar aside, we find no error on any of the plea-voluntariness issues presented.
B. Legal Standard
¶ 10. A guilty plea is binding if entered voluntarily, knowingly, and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A guilty plea is deemed to meet this standard “where the defendant [was] advised concerning the nature of the charge ... and the consequences of the plea.” Id. The PCR movant has the burden to show by a preponderance of the evidence her plea was involuntary. Sayles v. State, 35 So.3d 567, 569 (¶ 7) (Miss.Ct.App.2010).
¶ 11. In assessing the voluntariness of a plea, the thoroughness of the trial court’s interrogation during the plea colloquy “is the most significant evidence of all.” Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988). A trial court’s explanation to a defendant of her rights and the consequences of her plea may be sufficient to render the plea voluntary. Id.
C.Minimum and Maximum Sentences
¶ 12. Wilkerson claims “the record is totally silent as to any explanation given to [her] about the possible mínimums and máximums in her plea.” Yet in her plea petition, she hand wrote that “Life” was the maximum sentence for murder. And at her guilty-plea hearing, Wilkerson acknowledged she understood “the only punishment for [depraved-heart murder] is life in the penitentiary.” The trial judge also emphasized to her that she “would not be eligible for parole considerations until the age of 65.” He explained, “Your age now is 31, so you are looking at some 34 years in the penitentiary [at] a minimum.” When asked if she understood the terms of her sentence, Wilkerson replied, ‘Wes, sir.”
¶ 13. We find the trial judge thoroughly explained to Wilkerson the consequences of her plea. And Wilkerson’s statements under oath evince she understood the minimum and maximum penalties she faced. The bare assertions she now makes cannot overcome the presumption of truth attached to her sworn in-court statements. See Hill v. State, 60 So.3d 824, 830 (¶ 21) (Miss.Ct.App.2011); cf. Baker v. State, 358 So.2d 401, 403 (Miss.1978).
D.Factual Basis
¶ 14. Wilkerson also seems to challenge the factual basis for her plea. But she makes no argument that the State’s factual basis contained any inaccuracies. She instead argues that for her plea to be valid, the circuit court had to *615 provide her an opportunity to give her version of the baby-shaking incident.[3]
¶ 15. Before accepting a guilty plea, the circuit court must determine there is a factual basis supporting the plea. Pegues v. State, 65 So.3d 351, 358 (¶ 25) (Miss.Ct.App.2011) (citing URCCC 8.04; Reynolds v. State, 521 So.2d 914, 916 (Miss.1988)). The court must also have before it “substantial evidence that the accused [committed] the legally defined offense to which he is offering the plea.” Burrough v. State, 9 So.3d 368, 373 (¶ 14) (Miss.2009). Ultimately, “there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime eharged[.]” Corley v. State, 585 So.2d 765, 767 (Miss.1991) (citing United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).
¶ 16. Wilkerson pled guilty to depraved-heart murder. Mississippi Code Annotated section 97-3-19(l)(b) defines depraved-heart murder as the unlawful killing of a human being “done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual[.]”
¶ 17. During Wilkerson’s plea colloquy, she agreed to the factual basis recited by the State. In so doing, she acknowledged she had provided several conflicting accounts of the child victim’s (Tristen’s) injury. These included that Tristen was hurt while riding in the car and that he had fallen off of the couch. She ultimately admitted to law enforcement she had shaken Tristen and her “couch story” was not true. She further acknowledged Tristen had died as a result of her shaking him. When specifically asked by the circuit judge whether she had shaken Tristen, Wilkerson responded, “Yes, sir.” We also note that in her plea petition she admitted, “I shook the child.”
¶ 18. A factual basis may be established by an admission of the defendant. Jones v. State, 976 So.2d 407, 411-12 (¶ 10) (Miss.Ct.App.2008) (citing Templeton v. State, 725 So.2d 764, 766 (¶ 2) (Miss.1998)). Here, Wilkerson admitted shaking the eight-week-old child — an act of extreme recklessness and indifference to the value of Tristen’s life. She further acknowledged that shaking Tristen caused his death. At no point did she disagree with the facts offered by the State or request an opportunity to give a differing version of the events leading to Tristen’s death. We find no error in the circuit court’s determination that Wilkerson voluntarily pled guilty to depraved-heart murder.
E. Time to Contemplate Plea
¶ 19. Wilkerson claims her plea was involuntary because she only had thirty minutes to decide whether to plead guilty. Yet neither affidavit attached to her PCR motion supports this claim. Thus, we find Wilkerson falls far short of meeting her burden on this issue.
II. Effectiveness of Trial Counsel
¶ 20. Wilkerson suggests her trial attorneys were ineffective. She argues they were deficient by failing to (1) sufficiently investigate her case, (2) communicate with her about the State’s evidence, and (3) offer mitigation testimony on her behalf.

*616
A.Strickland

¶ 21. To prevail on her claim of ineffective assistance of counsel, Wilkerson must show: (1) her counsel’s performance was deficient, and (2) the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To perform deficiently, an attorney must fail to meet “an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance!;.]” Id. at 689, 104 S.Ct. 2052.
¶ 22. To establish prejudice, Wilkerson must show a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Burrough, 9 So.3d at 375 (¶ 22).
¶ 23. “[Wlhere a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial[.]” Hill, 60 So.3d at 827 (¶ 6) (citing Anderson v. State, 577 So.2d 390, 391-92 (Miss. 1991)). “This ‘waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.’ ” Id. (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008)).
B.Pretrial Preparation
¶ 24. Wilkerson suggests her attorneys’ alleged lack of pretrial preparation rendered her plea involuntary. But she does not explain how information yielded by additional investigation would have aided in her defense or resulted in her deciding to exercise her right to a jury trial. See Burrough, 9 So.3d at 375 (¶ 22) (explaining burden to show Strickland prejudice). Though she suggests her attorneys should have discovered exculpatory witnesses, she fails to identify any such witnesses. Thus, we find she fails to plead this issue with the specific detail required to support a prima facie showing of prejudice. Jenkins v. State, 986 So.2d 1031, 1035 (¶ 14) (Miss.Ct.App.2008) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)) (explaining both prongs of Strickland standard must be pled with specific detail). We further note Wilkerson does not contend anyone else witnessed the incident. And her trial attorneys pointed out during her plea hearing that after consulting an independent expert, they remained confident a jury would convict Wilkerson of capital murder.
C.Communication
¶ 25. Wilkerson next contends her attorneys were ineffective for not adequately communicating with her. She alleges her attorneys left her “in the dark” about the State’s evidence in the case. Again she fails to plead her allegation with the required specificity. See Jenkins, 986 So.2d at 1035 (¶ 14) (citing Brooks, 573 So.2d at 1354). She does not allege what specific information her attorneys withheld from her. Nor does she explain how her attorneys’ alleged lack of disclosure might have changed her mind about pleading guilty. Without explaining the particulars of how her attorneys’ alleged lack of disclosure affected her decision to forego trial and plead guilty, Wilkerson fails to plead Strickland prejudice with sufficient detail.
D.Mitigation Testimony
¶ 26. Finally, Wilkerson suggests her counsel was ineffective because “[t]here was absolutely no mitigation testimony proffered [on her] behalf.” Because Wilkerson’s argument does not relate to *617 the voluntariness of her plea,[4] we find this issue waived. See Hill, 60 So.3d at 827 (¶ 6) (citing Cavitt, 550 F.3d at 441). Even if mitigation evidence would have been offered, a life sentence is the only punishment available for depraved-heart murder. The sentencing judge has no discretion to depart from that sentence. See Miss.Code Ann. § 97-3-21 (Rev.2006).
CONCLUSION
¶ 27. We find from reviewing Wilkerson’s guilty-plea transcript, her PCR motion and the accompanying affidavits that the trial judge advised her of the consequences of her guilty plea, and she voluntarily pled guilty. Wilkerson has not shown that any alleged error by her trial counsel rendered her plea involuntary or that her attorneys were constitutionally ineffective. We affirm the circuit court’s summary dismissal of her PCR motion.
¶ 28. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. See Miss.Code Ann. § 97 — 3—19(2)(f) (Rev. 2006).

. See Miss.Code Ann. § 97 — 3—19(1 )(b) (Rev. 2006).

. She claims: “The colloquy was precise and textbook, and all points were covered but one. The one missing was [Wilkerson's] own version of the alleged shaking of [the child victim].”

. This is so even though Wilkerson raises the issue in her brief under the heading dealing with the voluntariness of her plea. We find her argument does not relate to whether she was' advised of the nature of the charge and consequences of her plea.