MAXWELL, J.,
for the Court:
¶ 1. Patrick Ducksworth seeks post-conviction relief (PCR) from his 2001 guilty pleas to five counts of armed robbery. He argues his pleas were involuntary, and that he should have been sentenced under a previously existing sentencing scheme, which provided the possibility of parole eligibility for armed robbers. After review, we find that not only is his post-conviction challenge almost eight years too late, but the plea colloquy shows Ducks-worth’s pleas were knowingly and intelligently made. We also find parole is not available to those convicted of armed robbery “after September 80, 1994.”[1] So Ducksworth is also statutorily precluded from becoming parole eligible. We therefore find the trial judge was correct to deny his PCR motion without a hearing and affirm.
Facts and Procedural History
¶ 2. On October 1, 2001, Ducksworth pled guilty to five counts of armed robbery. He was sentenced to serve thirty years, with ten years suspended, and five years’ probation. This same sentence was imposed on each count. Ducksworth did not timely seek post-conviction review. Instead, he waited almost eleven years, until September 25, 2012, to file a PCR motion. The circuit judge summarily dismissed the motion, finding it was time-barred and without merit. Ducksworth appealed.
Discussion
¶ 3. In considering the denial of a PCR motion, “we review the trial court’s findings of fact for clear error and its determinations of law de novo.” Wilkerson v. State, 89 So.3d 610, 613 (¶ 7) (Miss.Ct.App.2011). A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence. Id. We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Id. at 614 (¶ 7).
I. Time-Bar
¶ 4. To challenge a previously entered guilty plea, a PCR motion must be made “within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2012). Because Ducksworth’s judgment of conviction was entered on October 10, 2001, he had until October 10, 2004 to seek post-conviction review. But he waited until September 25, 2012 to do so — almost eight years after the limitation period ran out. So the circuit court properly dismissed his PCR motion as untimely.
II. Potential Exceptions to Time-Bar
a. Voluntariness of Guilty Plea
¶ 5. We acknowledge that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral *795 Relief Act (UPCCRA) ].” Rowland v. State, 42 So.3d 508, 506 (¶ 9) (Miss.2010). But Ducksworth’s mere suggestions that his pleas were involuntary, and his sentence illegal, are not enough to escape the hard-edged time-bar. See Wicker v. State, 16 So.3d 706, 708 (¶ 5) (Miss.Ct.App.2009) (“the mere assertion of a constitutional right violation” is not enough to trigger exception). Rather, to survive the UP-CCRA’s procedural bars, “[t]here must at least appear to be some basis for the truth of the claim” of a fundamental-constitutional-rights violation. Stovall v. State, 873 So.2d 1056, 1058 (¶7) (Miss.Ct.App.2004).
¶ 6. We find Ducksworth’s various assertions in his PCR motion are just that— mere assertions. His plea colloquy shows that the judge thoroughly advised him of the various constitutional rights he was waiving by pleading guilty, and that his plea was knowingly and intelligently entered. See Dockery v. State, 96 So.3d 759, 763 (¶ 17) (Miss.Ct.App.2012) (noting that where a judge advises a defendant of his rights, the nature of the charges, and the consequences of the plea, a guilty plea is deemed voluntarily and intelligently given). So his voluntariness claim is not excepted.
b. Armed Robbery Is No Longer a Parole-Eligible Crime
¶ 7. We also find Ducksworth’s parole-eligibility-based illegal-sentence claim runs contrary to Mississippi statutory law. Thus, it too is subject to the time-bar.
¶ 8. Ducksworth is incorrect that his sentence should have included “the possibility of parole” or that he should have been sentenced under a different subsection of our code. The judge applied Mississippi Code Annotated section 47-7-3(l)(d)(ii) (Rev.2011)[2] — the correct sentencing option under Ducksworth’s circumstances. This subsection expresses that “[n]o person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery ... through the display of a firearm” or “through the display of a deadly weapon[.]” Id. (emphasis added). While Ducksworth argues his five armed-robbery convictions required sentences under section 47-7-3(1)(d)(i), our code is explicit that “paragraph (d)(i) shall not apply to persons convicted after September 30, 1994 [.]” (emphasis added).
¶ 9. Because Ducksworth pleaded guilty to armed robbery in October 2001, section 47-7-3(1)(d)(i) was not available. See also Ross v. State, 87 So.3d 484, 486-87 (¶¶ 8-9) (Miss.Ct.App.2011) (holding that a defendant convicted of armed robbery after September 30, 1994 could not be sentenced under section 47 — 7—3 (1) (d) (i)); Banks v. State, 37 So.3d 81, 84 (¶ 7) (Miss.Ct.App.2009) (same). Therefore, his time-barred parole-eligibility claim fails.
III. Evidentiary Hearing and Jurisdictional Claims
¶ 10. Ducksworth argues he should have been granted an evidentiary hearing. However, under Mississippi Code Annotated section 99-39-11(2) (Supp. 2012), if it appears from the face of a PCR motion that the movant is not entitled to relief, the circuit court can dismiss that motion without a hearing. See also Edmond v. State, 906 So.2d 798, 802 (¶ 11) (Miss.Ct.App.2004). Since Ducksworth’s claims were clearly barred and without merit, no hearing was necessary.
¶ 11. In his reply brief, Ducksworth argues the circuit court improperly con- *796 eluded it had no jurisdiction to suspend a portion of his sentence. But this is not what the circuit judge held. Rather, the judge emphasized in his order that the “[cjourt has jurisdiction over [mjovant and subject matter[,]” specifically finding the claims time-barred and without merit. Thus, Ducksworths’ jurisdictional argument is also lacking.
¶ 12. Finding Ducksworth’s post-conviction claims are not excepted from the time-bar, we affirm.
¶ 13. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Miss.Code Ann. § 47 — 7—3(l)(d)(i) (Rev. 2011).

. Section 47-7-3(l)(h) was held unconstitutional as applied by Parker v. State, 119 So.3d 987, 998-1000 (¶¶ 26-29) (Miss.2013).