## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01635-COA

PATRICK FLUKER A/K/A PATRICK DANTRE             APPELLANT
FLUKER A/K/A PATRICK D. FLUKER

v.

STATE OF MISSISSIPPI                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2013 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK FLUKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITIONER'S MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 10/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Patrick Fluker pled guilty to armed robbery and was sentenced to fifteen years' imprisonment. Fluker appeals pro se the circuit court's dismissal of his motion for post-conviction relief based on his assertion that his indictment was defective since it was not stamped "filed," signed, or dated by the Forrest County Circuit Clerk. More specifically, he claims this alleged defect resulted in an illegal sentence. Fluker also argues that he received ineffective assistance of counsel because his counsel did not object to the indictment for the alleged deficiency. We find no error and affirm.

**STANDARD OF REVIEW**

¶2.     In considering the denial of a PCR motion, "we review the trial court's findings of fact for clear error and its determinations of law de novo." *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011).  A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence.  *Id*.  We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right."  *Id*. at 614 (¶7).

### 1.  Defective Indictment

¶3.     Fluker argues that the indictment was void for failure to show a "filed" stamp, and therefore the circuit court lacked jurisdiction to accept his guilty plea.  He also argues that he received an illegal sentence as a result.

¶4.     "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010).  But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.  *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. App. Ct. 2010).  "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id*.

¶5.     "[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991) (citing *Ellzey v. State*, 196 So. 2d 889, 892 (Miss. 1967)).  This Court has held that failing to stamp

an indictment "filed" is a nonjurisdictional defect. *Westbrook v. State*, 953 So. 2d 286, 290 (¶13) (Miss. Ct. App. 2007). Therefore, Fluker waived his claim on appeal and failed to meet any exception to the successive-writ bar.

**2. Ineffective Assistance of Counsel**

¶6. Fluker argues his attorney was ineffective by allowing him to plead guilty to a defective indictment. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 477 (quoting *Strickland*, 466 U.S. at 687).

¶7. Fluker only makes bare assertions in support of his ineffective-assistance-of-counsel claim. He has failed to show that his counsel's performance was deficient, as required under *Strickland*. Furthermore, he has not shown that his counsel's allegedly deficient performance "proximately resulted in his guilty plea, and [that] but for counsel's errors, he would not have entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10). So Fluker's claim has no merit.

¶8. Because Fluker's PCR motion does not raise any issue that involves a violation of fundamental constitutional rights, it is procedurally barred as a successive writ. The circuit court was correct to hold, under Mississippi Code Annotated section 99-39-23(6) (Rev. 2007), that the motion was barred. Procedural bar notwithstanding, we find no merit to the

3

motion.  Therefore, we affirm the judgment of the circuit court.

¶9.    **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.**