# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00029-COA

**PATRICK FLUKER A/K/A PATRICK DANTRE FLUKER A/K/A PATRICK D. FLUKER**                                                 APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2013 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK FLUKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Patrick Fluker, appearing pro se, appeals the Forrest County Circuit Court's summary dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In June 2005, Fluker was indicted for armed robbery and a capias was issued. The capias was executed on November 14, 2006. On February 13, 2007, Fluker pleaded guilty to armed robbery and was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) – with fifteen years to serve and five years of post-

release supervision; this sentence was ordered to run consecutively to another sentence for armed robbery.[1] In March 2013, Fluker filed a "Petition for Writ of Habeas Corpus and Motion to Vacate Conviction and Sentence," which the trial court treated as a PCR motion. Fluker claims his indictment was defective and "manufactured" by the district attorney in violation of the Constitution, and his capias was not timely executed. On December 17, 2013, the trial court summarily dismissed the PCR motion as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015), and found no statutory exceptions applied.[2] Fluker timely appealed.

## STANDARD OF REVIEW

¶3. This Court will not reverse a trial court's dismissal of a PCR motion absent a finding the trial court's decision was clearly erroneous. *Madden v. State*, 75 So. 3d 1130, 1131 (¶6) (Miss. Ct. App. 2011) (citation omitted). Issues of law are reviewed de novo. *Id.* Further, this Court will affirm the summary dismissal of a PCR motion if the movant has failed to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal

---

[1] Fluker was indicted for a previous armed-robbery charge in November 2002 and pleaded guilty to the charge on December 12, 2003. He was sentenced to fifteen years in the custody of the MDOC, with three years to serve and twelve years suspended. Shortly after his release from prison on this charge (to begin post-release supervision), he was arrested and charged with armed robbery in the instant case.

[2] Fluker has filed three prior PCR appeals before this Court, but only one, *Fluker v. State*, 17 So. 3d 181 (Miss. Ct. App. 2009), relates to the guilty plea currently at issue. The other two appeals relate to the armed-robbery charge from his December 17, 2003 guilty plea. *See Fluker v. State*, 2013-CP-01635-COA, 2015 WL 5797691 (Miss. Ct. App. Oct. 6, 2015) (affirming trial court's September 17, 2013 dismissal of PCR motion relating to his December 2003 guilty plea); *Fluker v. State*, 170 So. 3d 517 (Miss. Ct. App. 2014) (affirming trial court's summary dismissal of July 25, 2012 PCR motion on revocation of his original sentence stemming from his December 2003 guilty plea).

right . . . ." *Wilkerson v. State*, 89 So. 3d 610, 614 (¶7) (Miss. Ct. App. 2011) (citation omitted).

## ANALYSIS

¶4. Fluker raises two arguments – that his indictment was defective because it was not stamped "filed," and his capias was untimely executed. We agree with the trial court that Fluker's PCR motion is barred as a successive writ. It is also time-barred.

¶5. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6). Further, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). This PCR motion is Fluker's second relating to his June 2005 indictment. Fluker contends that these issues were not brought up in his first PCR motion; thus, his motion is not barred. *See Fluker*, 17 So. 3d at 182 (¶2) (issues Fluker raised in his previous PCR motion included misunderstanding minimum sentence and ineffective assistance of counsel). However, any order dismissing a movant's motion bars a second or successive motion under section 99-39-23(6), unless an exception applies. Here, none do. Moreover, this motion was filed over six years after he pleaded guilty to this charge; thus, it is time-barred.

¶6. Fluker claims his motion should be excepted from any procedural bar under *Rowland v. State*, 42 So. 3d 503 (Miss. 2010). *Rowland* held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Id.* at 506 (¶9). Fluker argues that he has a fundamental right to be free from an unlawful sentence; yet he

presents no evidence that his sentence was unlawful. He has merely fashioned a different

argument – that of an illegal sentence – in an attempt to overcome the procedural bar. This

argument is without merit.

¶7. **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**