# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00734-COA

**PATRICK DANTRE FLUKER A/K/A PATRICK D. FLUKER A/K/A PATRICK FLUKER**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/2017 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK DANTRE FLUKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/17/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., CARLTON AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.    In 2007, Patrick Fluker pled guilty to armed robbery.  The circuit court sentenced him to twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and fifteen years to serve, and ordered the sentence to run consecutively to a sentence that Fluker was serving on a 2003 armed robbery conviction.  Fluker has since filed at least four motions for post-conviction relief (PCR) related to his 2007 conviction.  All of his motions have been denied, and the denials have been affirmed when appealed.  *See Fluker v. State*, 17 So. 3d 181 (Miss. Ct. App. 2009); *Fluker v. State*, 191 So. 3d 127 (Miss. Ct. App. 2016), *cert. denied*, 203 So. 3d 600 (Miss. 2016); *see also Fluker v. State*, 200 So.

3d 1148 (Miss. Ct. App. 2016) (affirming the dismissal of Fluker's complaint seeking parole eligibility on his 2007 conviction), *cert. denied*, 214 So. 3d 1058 (Miss. 2017); *Fluker v. State*, 2 So. 3d 717 (Miss. Ct. App. 2008) (affirming the denial of PCR on Fluker's 2003 conviction); *Fluker v. State*, 170 So. 3d 517 (Miss. Ct. App. 2014) (same), *aff'd*, 170 So. 3d 471 (Miss. 2015) (same); *Fluker v. State*, 210 So. 3d 1062 (Miss. Ct. App. 2015) (same), *cert. denied*, 202 So. 3d 209 (Miss. 2016). In the PCR motion that is the subject of this appeal, Fluker alleges that (1) he was denied a speedy trial; (2) his plea was involuntary; (3) he was denied the effective assistance of counsel; and (4) the circuit court lacked "subject matter jurisdiction" because "the State repealed its boundaries."[1] He also alleges that his motion is not subject to the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) because his claims involve "fundamental constitutional rights." The circuit court denied Fluker's motion as procedurally barred. Fluker then appealed.

¶2.      We affirm. This is at least the fourth PCR motion that Fluker has filed related to his 2007 conviction. The UPCCRA bars such successive motions. Miss. Code Ann. § 99-39-23(6) (Rev. 2015) (providing that an order denying a PCR motion "shall be conclusive until reversed" and "shall be a bar to a second or successive [PCR] motion"). In addition, Fluker filed the motion ten years after he pled guilty. Therefore, the motion is also untimely. Miss.

---

[1] This Court has held "that Mississippi still possesse[d] sovereign state power" and that our courts still had jurisdiction notwithstanding the boundary repeal that Fluker alleges. *Carlock v. Carlock*, 743 So. 2d 424, 425 (¶¶3-5) (Miss. Ct. App. 1999). Congress has the unquestioned power to set state boundaries, which remained in effect at all times. *See United States v. Louisiana*, 363 U.S. 1, 35 (1960).

Code Ann. § 99-39-5(2) (Rev. 2015) (providing that a PCR motion must be filed within three years after a judgment of conviction entered on a guilty plea). None of the issues raised in Fluker's motion involve "fundamental rights" that are excepted from the UPCCRA's procedural bars. *See Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2018) (listing "fundamental rights" that are excepted from the Act's procedural bars). A petitioner cannot avoid the Act's procedural bars simply by asserting that "fundamental rights" are at stake when, as in this case, there is no evidence to support such a claim. We made the same point when we affirmed the denial of one of Fluker's prior PCR motions two years ago. *Fluker*, 191 So. 3d at 129 (¶6). For these reasons, we affirm the circuit court's order denying Fluker's PCR motion.

¶3. We also conclude that Fluker's motion and appeal are frivolous because his claims had no hope of success and no basis in fact or law. *See Dock v. State*, 802 So. 2d 1051, 1056 (¶11) (Miss. 2001). Clearly, Fluker's motion is procedurally barred, and he fails to identify any arguable exception to the procedural bars. Moreover, Fluker unsuccessfully litigated claims alleging an involuntary plea and ineffective assistance in at least one prior PCR motion. *See Fluker*, 17 So. 3d at 182 (¶2). Finally, our Supreme Court has long held that a defendant waives his right to a speedy trial by pleading guilty. *Anderson v. State*, 577 So. 2d 390, 391-92 (Miss. 1991). Because his motion and appeal are frivolous, Fluker shall forfeit earned time pursuant to Mississippi Code Annotated section 47-5-138(3) (Rev. 2015). *See Dock*, 802 So. 2d at 1056 (¶11) ("Sections 47-5-138(3)(a) and (b) are fully applicable

against pro se litigants who seek post-conviction relief."); *McLamb v. State*, 974 So. 2d 935, 939 (¶17) (Miss. Ct. App. 2008) ("The circuit court did not sanction [the petitioner] pursuant to section 47-5-138(3), but the statute does not limit such a finding to the trial court."). This opinion shall be sent to the Department of Corrections, and the Department shall forfeit earned time as provided in section 47-5-138(b).[2]

¶4.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

---

[2] This action is also deemed frivolous for purposes of Mississippi Code Annotated section 47-5-76 (Rev. 2015), which governs in forma pauperis filings by inmates.