# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00162-COA

PATRICK D. FLUKER A/K/A PATRICK                                APPELLANT
DANTRE FLUKER

v.

STATE OF MISSISSIPPI                                            APPELLEE

DATE OF JUDGMENT:            01/21/2021
TRIAL JUDGE:                 HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:   FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      PATRICK D. FLUKER (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 03/22/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     After pleading guilty to robbery in 2003, Patrick Fluker filed three subsequent motions

for post-conviction collateral relief (PCR) related to his conviction. The Forrest County

Circuit Court dismissed each of Fluker's PCR motions, and on appeal, this Court affirmed

each dismissal.[1] Fluker has now filed a fourth PCR motion related to his 2003 conviction,

which the circuit court dismissed. After reviewing Fluker's appeal from the dismissal of his

latest PCR motion, we once again find no error and affirm the circuit court's judgment.

---

[1] *See Fluker v. State,* 210 So. 3d 1062 (Miss. Ct. App. 2015); *Fluker v. State*, 170 So.
3d 517 (Miss. Ct. App. 2014); *Fluker v. State*, 2 So. 3d 717 (Miss. Ct. App. 2008).

**FACTS**

¶2. In November 2003, a Forrest County grand jury indicted Fluker on one count of armed robbery under Mississippi Code Annotated section 97-3-79 (Rev. 2000). Pursuant to a plea deal, Fluker pled guilty in December 2003 to the reduced charge of robbery under Mississippi Code Annotated section 97-3-73 (Rev. 2000). The circuit court sentenced Fluker to "fifteen years in the custody of the Mississippi Department of Corrections [(MDOC)], with three years to serve, twelve years suspended, and four years of post-release supervision [(PRS)]." *Fluker v. State*, 2 So. 3d 717, 718 (¶3) (Miss. Ct. App. 2008). In 2005, while on PRS, "Fluker was arrested again for armed robbery and possession of a weapon by a convicted felon." *Id.* at (¶4). After finding that Fluker had violated the terms of his PRS, the circuit court ordered Fluker to serve the remaining twelve years of his sentence. *Id.* at 718-19 (¶4).

¶3. With regard to the 2005 arrest for armed robbery, Fluker later pled guilty to the charge in 2007 and received a twenty-year sentence in MDOC's custody, with five years suspended and fifteen years to serve. *Fluker v. State*, 270 So. 3d 15, 16 (¶1) (Miss. Ct. App. 2018). The circuit court ordered that the 2007 sentence run consecutively to Fluker's 2003 sentence. *Id.* Fluker has since filed numerous unsuccessful PCR motions related to his 2007 guilty plea. *Id.*

**STANDARD OF REVIEW**

¶4. When reviewing the dismissal or denial of a PCR motion, we only reverse the circuit

2

court's factual findings for clear error. *Williams v. State*, 328 So. 3d 222, 224 (¶2) (Miss. Ct. App. 2021). We review the circuit court's legal conclusions de novo. *Id.* "A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Fluker v. State*, 210 So. 3d 1062, 1064 (¶2) (Miss. Ct. App. 2015). Where a "movant fails to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right[,]'" this Court "will affirm the summary dismissal of a PCR motion . . . ." *Id.* (quoting *Wilkerson v. State*, 89 So. 3d 610, 614 (¶7) (Miss. Ct. App. 2011)).

## DISCUSSION

¶5.     As an initial matter, we address Fluker's contention that his indictment completely failed to identify the statute under which he was being charged. In *Smith v. State*, 308 So. 3d 476, 480 (¶¶18, 20) (Miss. Ct. App. 2020), this Court considered the defendant's argument that the circuit court lacked subject-matter jurisdiction over his charge because even though the body of the indictment correctly set forth the elements of the charged offense, the heading of the original indictment cited an incorrect statutory subsection and crime. We noted in *Smith* that "[w]hen an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified." *Id.* at 481 (¶24) (quoting *Shields v. State*, 130 So. 3d 160, 162 (¶12) (Miss. Ct. App. 2014)). Here, unlike in *Smith*, the heading of Fluker's indictment correctly provided that Fluker was being charged with armed robbery under section 97-3-79. In addition, the body of Fluker's indictment then properly tracked the language of section 97-3-79 and set

3

forth the essential elements of the offense charged. Thus, a review of the record not only refutes Fluker's factual assertion regarding an omission of the charging statute but also demonstrates that the indictment sufficiently informed him of the charged offense. We therefore find this argument clearly lacks merit.

¶6. Fluker additionally contends that the circuit-court clerk failed to stamp "filed" on his indictment. According to Fluker, this defect in his indictment prevented the circuit court from having jurisdiction or authority to accept his guilty plea. Fluker raised this same argument regarding his 2003 conviction in a prior unsuccessful PCR motion. *Fluker*, 210 So. 3d at 1064 (¶3). Because Fluker's current PCR motion is both time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) and a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2020), he attempts to overcome the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) by arguing *Ashwell v. State*, 226 So. 3d 69 (Miss. 2017), constitutes an applicable intervening decision of the Mississippi Supreme Court. Fluker recently raised these same arguments in an identical challenge to his 2007 conviction, which this Court discussed in *Fluker v. State*, No. 2020-CT-00791-COA, 2021 WL 4436841, **2-3 (¶¶8-17) (Miss. Ct. App. Sept. 28, 2021) (cert. denied Feb. 23, 2022), and determined lacked merit.

¶7. In *Ashwell*, the defendant pled guilty to two separate charges, but the record failed to reflect that the State ever filed charging documents on either count. *Ashwell*, 226 So. 3d at 70 (¶2). In his subsequent PCR motion challenging both convictions, Ashwell argued the

State's failure to file any charging documents prevented the circuit court from having proper jurisdiction to accept his guilty pleas. *Id.* at 70-71 (¶3). Upon review, the supreme court recognized that "[t]he very nature of a criminal information shows that one must be filed for the court to proceed." *Id.* at 72 (¶13). The *Ashwell* court concluded, however, that "[t]he docket sheet in each criminal case reflects that no criminal information—even assuming one existed—ever was filed with the circuit court. Nor did the criminal files themselves include any charging document, a fact the circuit judge confirmed by personally reviewing each criminal file." *Id.* at (¶12). As a result, the supreme court found it had to "agree with Ashwell's contention that the circuit court lack[ed] jurisdiction and authority to accept a guilty plea for a crime for which he never has been charged." *Id.* at 73 (¶14).

¶8. Just like his most recent appeal involving his 2007 conviction, Fluker's argument here that *Ashwell* applies to his claims and excepts his current PCR motion from the procedural bars lacks merit. Although an intervening decision from either the United States Supreme Court or the Mississippi Supreme Court is a recognized exception to the UPCCRA's procedural bars, the PCR movant bears the burden to demonstrate that the exception applies. Miss. Code Ann. § 99-39-5(2)(a)(i). Moreover, to qualify as an exception to the procedural bars, the intervening decision must be one that "would have actually adversely affected the outcome of [the PCR movant's] conviction or sentence . . . ." Miss. Code Ann. § 99-39-23(6).

¶9. Relevant to Fluker's claims on appeal, our caselaw recognizes that "[a] valid guilty

plea waives all non-jurisdictional defects to an indictment" but "does not waive the failure to charge a criminal offense or subject[-]matter jurisdiction." *Cochran v. State*, 969 So. 2d 119, 123 (¶15) (Miss. Ct. App. 2007). In *Ashwell*, the supreme court concluded the latter situation applied because the record was completely devoid of any charging documents. *Ashwell*, 226 So. 3d at 73 (¶15). Here, however, the record contains Fluker's indictment. And although the circuit-court clerk did not stamp "filed" on the indictment, such an "error is merely procedural where the facts reveal that the indictment was returned by the grand jury and not manufactured by the State." *Cochran*, 969 So. 2d at 123 (¶16).

¶10. Almost identical to the circumstances presented in *Cochran*, Fluker's indictment contained the signatures of "the [assistant] district attorney and forewoman of the grand jury" and reflected where the deputy circuit-court clerk had not only assigned the indictment a cause number and handwritten that cause number on the indictment but had also "notarized the forewoman's affidavit on the indictment, signed and dated the affidavit, and recorded it in the court file." *Id.* at (¶¶14, 18). Based on such evidence, we conclude now as we did in *Cochran* that Fluker's indictment was clearly "returned by the grand jury and not manufactured by the State." *Id.* at (¶18); *see also Fluker*, 2021 WL 4436841, at *3 (¶16) (finding that "[t]he reasoning in *Cochran* holds true for Fluker" in his most recent PCR challenge to his 2007 conviction). We further conclude that the lack of a "filed" stamp on Fluker's indictment amounts to a procedural defect only. In light of these findings, *Ashwell* fails to present an intervening decision that "would have actually adversely affected the

6

outcome of [Fluker's] conviction or sentence . . . ." Miss. Code Ann. § 99-39-23(6). Because Fluker waived any procedural defects in his indictment when he pled guilty and cannot now overcome the UPCCRA's procedural bars, we find his arguments lack merit. The circuit court therefore correctly dismissed Fluker's most recent PCR motion as procedurally barred.

## CONCLUSION

¶11.    Because we find no error, we affirm the circuit court's judgment.

¶12.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**